## Case No. 8,246.

### LENOX v. GORMAN et al.

[5 Cranch, C. C. 531.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.[2]

PLEADING AT LAW—PLEA—DISTRESS FOR RENT—REPLEVIN-BOND—SET-OFF.

1. To a declaration in debt upon a replevin-bond, setting forth the condition and the breaches, by not prosecuting the writ of replevin to effect, and by not returning the property, and by not paying the damages and costs, a plea that the defendant hath performed. &c., all and singular the matters and things in the said condition mentioned, which he, according to the force, form and effect of the same condition, ought to have observed, performed, &c., is bad upon general demurrer.

2. Evidence that the landlord was indebted to the defendant at the time that the rent was due by the tenant, cannot be given under a plea of set-off.

Debt on replevin-bond in the penalty of $3,400, given by J. B. Gorman upon obtaining a writ of replevin, in his own name, for goods distrained by Peter Lenox for rent due by Mrs. Arguelles, upon which writ judgment was rendered for Mr. Lenox, in 1837, upon the pleas of non tenuit, non dimisit, and no rent arrear; the jury having found the issues for the landlord, and one cent damages, and that the rent arrear was $978.30, and the value of the goods distrained $1,198. The declaration upon the replevin-bond set forth the condition, and alleged, as breaches thereof, that the said Gorman did not prosecute his writ of replevin with effect; and did not return the goods, nor pay the charges and costs. The defendants pleaded "that the said J. B. Gorman hath well and truly observed, performed, fulfilled, and kept, all and singular the matters and things, in the condition of the said writing obligatory mentioned and contained, which he, according to the force, form, and effect, of the same condition, ought to have observed, performed, fulfilled, and kept." To this plea the plaintiffs demurred generally.

The defendants also pleaded, by way of set-off, that at the time of the alleged breaches of the condition of the bond, the said Peter Lenox, in his lifetime, was indebted to the

said Gorman, in the sum of $1,238.96, for matters properly chargeable in account, and for goods sold and delivered, and for money lent and advanced, all which still remains due; and that he is willing to set off as much thereof as the damages for the said supposed breaches may amount to. To this plea the plaintiffs replied, "that the said Peter Lenox, in his lifetime, did not undertake and promise in any manner and form as the defendants have above pleaded, and of this they put themselves upon the country," &c. They also replied the statute of limitations.

Upon the demurrer to the plea of general performance THE COURT (Thruston, Circuit Judge, absent,) rendered a peremptory judgment for the debt in the declaration mentioned, to be released on the payment of the rent arrear, with interest and costs. Upon the trial of the issues upon the set-off, the court refused to permit evidence to be given of work and labor. &c., done by the said Gorman for the said Peter Lenox.

CRANCH, Chief Judge, doubting whether the plaintiffs ought not to have demurred; but inclining to think that the issue, whether Lenox was indebted to Gorman at the time of Lenox's judgment for the rent due by Mrs. Arguelles, was an immaterial issue, and, therefore, no evidence should be permitted to be given upon it. Besides, the evidence was offered for the purpose of showing that no rent arrear was actually due from Mrs. Arguelles, as charged in the avowry, in the action of replevin, and found by the jury in that case. The defendants prayed the court to instruct the jury, that the plaintiffs were not entitled to a verdict in this case, for the amount of the rent arrear found by the jury in the action of replevin.

But THE COURT refused to give the instruction.

The defendants took their bills of exceptions.

Verdict for the plaintiffs, $1,088.25.

Brent & Brent, for plaintiffs.

Key & Hoban, for defendants.

The defendant's counsel moved in arrest of judgment:

1. "Because the plaintiffs are not entitled to a judgment on the verdict for the amount thereof; it being the amount of rent arrear found by the former jury in the former record; and there being no breach in the declaration stating that as the plaintiffs' damage."

2. "Because the plaintiffs are not entitled to judgment on the demurrer for any thing but the damages and costs stated in the declaration as the breach of the condition of the bond, for which this action is brought."

3. "Because the plaintiffs, under the breaches set out in their declaration, are not entitled to the amount of rent in arrear, as found in the record given in evidence, but only to the damages and costs stated in the former record; neither on the verdict now rendered nor on the demurrer."

4. "Because the court cannot ascertain the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 15 Pet. (40 U. S.) 115.]

damages on the demurrer; but the same should have been done by a jury."

But THE COURT overruled the motion, and rendered judgment for the penalty of the bond and $3,000 damages; the said debt and damages to be released on the payment of $1,088.25 and costs.

[NOTE. This case, upon error, in the supreme court, was affirmed, Mr. Justice McLean delivering the opinion, in which he says: "The action being brought on a penal bond, under the Maryland practice, it was the province of the jury to assess the damages which the plaintiffs had a right to recover; and the judgment in the replevin suit was given in evidence, to show the amount of damages which the plaintiff had sustained. This was undoubtedly correct; and it is equally clear that the defendants had no right to go into any inquiry as to the evidence on which the verdict was rendered. The jury found in the replevin suit the amount of rent in arrear on which the distress was made; and this was the proper criterion of damages in that case. ** * * It is equally clear that the court properly rejected all evidence under the plea of set-off. This was, substantially, an attempt to prove that there was no ground for the verdict and said judgment for damages, in the replevin suit. The offer was not to show that such judgment had been satisfied, but that it ought never to have been given. This evidence was also inadmissible, on the ground that it relates to different parties from those in the present suit." 15 Pet. (40 U. S.) 115.]

